JACKSON COUNTY *v.* GALLOWAY & BONNABEL.

[96 South. 106. No. 23222.]

1. HIGHWAYS. *Bidder knowing federal authorities had not approved plans not relieved of obligation to furnish bond within ten days.*
Where bidder on a federal-aid highway contract, who was required to and did deposit a certified check as guaranty that, if awarded the contract, it would execute the contract and give bond within ten days, knew that the federal authorities had not approved the plans, this fact did not relieve it of the requirement to file the bond within the time agreed or excuse delay the real reason of which was difficulty in securing sufficient sureties.

2. HIGHWAYS. *Bond filed by Contractor more than ten days after order for filing forthwith held properly rejected; "forthwith."*

Where bidder on highway contract was required to and did make deposit as guaranty that it would execute the contract and give bond within ten days after notice of award of contract, if an order by the board of supervisors after expiration of the ten days that it file the bond forthwith amounted to extension for reasonable time, more than ten days additional was not reasonable, and bond filed thereafter was properly rejected.

3. HIGHWAYS. *Check deposited by bidder held properly forfeited when bond not furnished as agreed.*

Where bidder on highway contract deposited certified check and agreed that it might be forfeited as liquidated damages upon failure to execute contract and furnish bond within ten days after award, and bond was not filed within such time, or within extension granted, and contract was relet at loss exceeding the deposit, the county was within its rights in declaring a forfeiture.

APPEAL from circuit court of Jackson county.

HON. D. M. GRAHAM, Judge.

Suit by Galloway & Bonnabel against Jackson County. From a judgment for plaintiffs, defendant appeals. Reversed, and judgment entered for defendant.

*Denny & Heidelberg,* for appellant.

The contract, and all its provisions, as written and recorded in the minutes of the board, is the only lawful contract that was or could be made between the parties hereto, and it cannot be varied except by order of the board passed in open session and recorded in its minutes. It cannot be varied, as attempted here, by proof that appellees were led into a misunderstanding of the contract or any of its provisions, by the highway engineer, or even by some of the members of the board, who may have made statements at variance with the express terms of the contract. *Bridges* v. *Clay County,* 58 Miss. 817; *Marion County* v. *Woulard,* 77 Miss. 346, 27 So. 619; *Crump* v. *Board of Supervisors,* 52 Miss. 107; *Howe* v. *State,* 53 Miss. 57; *Jackson Railway* v. *Adams,* 79 Miss. 408, 30 So. 694.

In the recent case of *Corinth to the Gulf Highway* v. *Carothers,* 92 So. 696 (Miss.), it is held that "a board of supervisors in the matter of binding the public by contracts are limited by law and cannot, in cases of this kind, ignore the statutory restrictions. It is familiar learning that the board of supervisors can only contract by an order entered upon its minutes," citing *Leflore County* v. *Cannon,* 81 Miss. 334, 33 So. 81; *Benton County* v. *Patrick,* 54 Miss. 240; *Dixon* v. *Green County,* 76 Miss. 794, 25 So. 664, in which it was held that the board of supervisors cannot delegate their duties to other persons. And, that "a contract by a county board of supervisors not made by an order spread on the minutes is invalid," citing *Northern Drainage District* v. *Bolivar County,* 111 Miss. 250, 71 So. 380; *Kidder* v. *McClanahan, Mayor, et al.,* 126 Miss. 179, 88 So. 508; *Smith County* v. *Mangum* (Miss.), 89 So. 913; *Bridges & Hill* v. *Clay County,* 58 Miss. 817; *Crump* v. *Board of Supervisors,* 52 Miss. 107. And, that "a contract made by a board of supervisors can only be varied where it can be varied at all, by an order entered upon its minutes," citing *Lamar County* v. *Tally & Mayson,* 116 Miss. 588, 77 So. 299. And that "as to work of a kind there involved the board cannot be bound upon any implied contract, and that all contracts for such work must be made by them as a board in open session and be evidenced by entry on its minutes," citing *Groten Bridge & Mfg. Co.* v. *Warren County,* 80 Miss. 214, 31 So. 711.

The obligation of appellees to furnish bond as contractors for the road work within ten days after October 14, 1919, when awarded the contract, was unconditional. There is no provision therein made against any contingency. Therefore, the excuses offered were not sufficient and should not have been admitted as evidence, or considered, by the court. In fact, under the terms of the contract, no excuse, other than the wrongdoing of appellant, or the prevention by appellant of performance of the contract and all its requirements, or waiver of the time for furnishing such bond could be used by appellees in

avoidance of the forfeiture. As held in *Harmon* v. *Flemming,* 25 Miss. 135: "Where a party, by his own contract, engages to do an act, it is deemed his own fault and folly that he did not thereby expressly provide against contingencies, and exempt himself from liability in certain events." To the same effect is *Jemison* v. *McDaniel,* 28 Miss. 83; *Hierne* v. *McCaughan,* 32 Miss. 17; and in *Mitchell* v. *Hancock County,* 91 Miss. 414, wherein the court says that: "While the act of God will excuse non-performance of a duty created by law, it will not excuse a duty created by contract," and that "the courts have no authority to relieve contracting parties from the hardships often occasioned by such contracts, as it is within the power of the obligors to provide in advance, by excepting liability for casualties of this nature from the terms of their contracts, if they so elect."

Therefore, under the facts disclosed in the record here and the authorities above cited, it is manifest that none of the excuses offered by appellees for failure to file the bond within ten days, and the defenses set up against the forfeiture of the deposit, are valid and sufficient for recovery of the forfeit money here sued for, unless it is that of waiver of the ten days time limit stipulated in the contract, and the court below so held.

The trial court, in rendering judgment herein, held, orally that the board of supervisors, by its order of November 3, 1919, waived the time limit fixed in the written contract, and extended the time for furnishing such bond for a reasonable time thereafter; that its requirement in that order that appellee file such bond "forthwith" meant merely to file it within a reasonable time; that a reasonable time therefore would have been up to and during the session of the board in December, 1919, and that the tender of bond to the clerk on November 19, 1919, was a valid tender, and thereupon and thereafter appellees were not in default and, consequently entitled to recovery of the one thousand dollars sued for.

It is the contention of appellant that there was no waiver or extension of time in which to furnish the bond beyond that specified in the contract of date October 14, 1919; that, at the expiration of ten days after last said date and appellees having failed to furnish the bond, the one thousand dollars deposited by appellees thereupon and thereby became and still remains the property of appellant, in whole and as liquidated damages; that, after the expiration of the time limit to file the bond and default therein by appellees, the board of supervisors could not lawfully re-open the matter, and waive or extend the time for filing such bond, and thereby again subject the same one thousand dollars to forfeiture to appellant, or to recovery by appellees; that, to lawfully waive or extend the time for furnishing such bond, there should have been an additional deposit, or a new and valid consideration, whereas, the alleged waiver or extension was without consideration and consequently void; that, at the time it is held that such waiver or extension was granted, it was beyond the power of the board of supervisors to appropriate or hold said fund otherwise than as the law provides for the holding and disposal of the funds of the county, that the appropriation, or restoration, of said fund to appellees under the conditions and circumstances shown by the record here would have been in violation of section 100 of our state constitution; that the order of the board of supervisors of date November 3, 1919, was not a waiver, or release to appellees, of the forfeiture of the one thousand dollars, which had already occurred and was then a completed and closed incident, and it was not a waiver or extension of time beyond that fixed in the contract of date October 14, 1919; but, if so, the requirement therein that such bond be filed "forthwith" was a requirement that it be filed during the session of the board at which the order was adopted; that, if it be held that the word "forthwith," as used in the order of November 3, 1919, meant "within a reasonable time" thereafter, then ten days would have been such "reasonable time," inasmuch as the parties to

the contract, as originally made, considered and fixed ten days as sufficient and satisfactory time in which to undertake and complete the furnishing of such bond, and surely ten days would have been ample and reasonable in which to complete that which had been already undertaken and probably in an advanced state of progress; that the alleged tender and valid bond, made within the time prescribed therefor, nor was the alleged tender to the board at its December meeting, a sufficient and lawful tender of bond under the terms of the contract; that appellees were in default, and the sum of one thousand dollars deposited was thereby forfeited to appellant, in whole and as liquidated damages in accordance with the provisions of said contract.

In support of our contention we confidently assert, under the decisions above cited, that the board of supervisors could not act, except by its order adopted in open session and recorded in its minutes; that after entering into the contract here under consideration by an order duly passed and enrolled, it could not vary or alter such contract otherwise than by an order made under lawful authority and entered upon its minutes.

Among other requirements, a waiver, to be operative, must be supported by an agreement founded on a valuable consideration, or the act relied on as a waiver must be such as to estop a party from insisting on performance of the contract, or performance of the condition. *United Firemen's Ins. Co.* v. *Thomas,* 27 C. C. A. 42, 47 L. R. A. 450; *Jobs* v. *Hayden* (Neb.), 50 L. R. A. (N. S.) 501 and note; *Ripley* v. *Aetna Ins. Co.* (N .Y.), 86 Am. Dec. 362 and note; *Thurston* v. *Ludwing* (Ohio), 67 Am. Dec. 328 and note; *Hughes* v. *Dansing* (Ore.), 75 A. S. R. 574; *Am. Cent. Ins. Co.* v. *McCrea* (Tenn.), 41 Am. Rep. 647; *Viele* v. *Germania Ins. Co.* (Ia.), 96 Am. Dec. 83; *Imperial Fire Ins. Co.* v. *Dunham* (Pa.), 2 A. S. R. 686.

A consideration is necessary to support an agreement for an extension of time of performance of a contract. 6 R. C. L. page 917; *Bradford* v. *Marbury* (Ala.), 46 Am. Dec.

264; *Parmelee* v. *Thompson* (N. Y.), 6 Am. Rep. 33; *Olmstead* v. *Latimer* (N. Y.), 43 L. R. A. 685; *Cummins* v. *Beavers* (Va.), 1 Ann. Cas. 986; *Thurston* v. *Ludwig* (Ohio), 67 Am. Dec. 328; *Abbott* v. *Doane* (Mass.), 34 L. R. A. 33; *Empire State Surety Co.* v. *Hanson* (Colo.), 107 C. C. A. 1.

So, in the case at bar, the asserted waiver, or extension of time for filing the bond, if otherwise lawful, was not obligatory upon appellant, because it was not supported by any lawful consideration. Any agreement of appellees to do either all or less than they were already bound, by their contract, to do, was not such a consideration. There is no pretense that they promised or agreed to do more. Besides, there is no allegation, nor proof, that appellees relied upon any promise or agreement for such extension of time, or that their default—failure to file bond within ten days after award of contract—was induced by, or resulted from, any promise or act of appellant. Nor is there any allegation or proof that appellees made any new promise, or any promise to, furnish the bond at any time whatever. On the contrary, it is in proof that nothing was done or promised by appellant before expiration of the ten days to induce appellees to delay, or fail, to furnish the bond as provided in the contract. And it is also in proof that appellees were struggling to procure a surety on the bond, but, without fault of appellant, were unable to do so until November 19, 1919, after the default had occurred and the one thousand dollars deposited had become the property of appellant under the terms of the contract.

However, and independently of the question of failure of consideration and its sufficiency as a defense here, under the law as announced in *Adams* v. *Jackson Electric Railway Light & Power Co.*, 78 Miss. 887, 30 So. 58, and again in 79 Miss. 408, 30 So. 694, the board of supervisors were without lawful authority, and could not, after the expiration of the ten days' limit, waive the right and property of the county, or district, in and to this fund which had ac-

crued under the terms of the contract. It could not relinquish such right and property, and put the fund in jeopardy, or donate it to appellees by reviving and then granting an extension of time, which had already expired, for filing the bond. Upon the default of appellees, at expiration of the ten days, the fund, instantly and irrevokably became the property of appellant and not subject to disposal as here sought. We think that *Adams* v. *Jackson Electric Company,* above cited applicable and controlling here.

Applying the law, as announced in the hereinabove cited decisions to the facts disclosed in the record of the case here under consideration, it is manifest that appellees were present, had notice of the award of the contract to them, and signed the contract on the 14th day of October, 1919, wherein and whereby they undertook and agreed to furnish the bond required of them as contractors for construction of the road, or forfeit the one thousand dollars then and there deposited with appellant as liquidated damages for default therein. Appellees failed to furnish such bond within the time required therefor, and were not prevented from filing such bond by appellant, nor released by appellant from the obligation to so file the bond, therefore, and at the expiration of the ten days after October 14, 1919, forfeiture of said money to appellant immediately occurred, under the terms of the contract, although the fund was still in the hands of its custodian.

*Mize & Mize,* for appellees.

Appellees contend that, in view of the fact that before work could be begun on the road under the specifications and plans by which the work was to be done, said plans and specifications had to be approved, under the requirement of the government, by the United States district highway engineer at Montgomery, Alabama, and by the chief engineer of the department of good roads at Washington and by the secretary of agriculture at Washington,

none of which had been done by the 24th of October, 1919, when the ten days expired for the filing of the bond as originally required, they were not held to the filing of the bond within the ten days from October 14, 1919; and at least, their deposit of one thousand dollars ought not to be forfeited because of their failure to file the bond till November 18, 1919, under all the facts and circumstances of this record, because the county suffered no injury and the work could not have begun in any event until all of these various governmental departments had approved the plans and specifications.

But, if we are mistaken in this, the salient point is that the board of supervisors of Jackson county, if it had the right when it met on the first Monday of November, 1919, to forfeit appellees' deposit of one thousand dollars because they had not filed their bond within ten days from October 14, 1919, failed to exercise that right and waived it by expressly not forfeiting the deposit at the November meeting and calling on the appellees to file their bond forthwith, as shown by the order of the board of date November 3, 1919, the order stating that, unless bond was so filed, the award of the contract to appellees would be cancelled and the deposit forfeited; and appellee's contention is that this conduct of the board was a waiver of the ten days' limit originally required for filing the bond, and that "forthwith" meant a reasonable time for the date of said order, under all the facts and circumstances of the case, and that the filing of the bond by November 18th under all the facts and circumstances of the case, was within a reasonable time from the entering of said order and within the meaning of the term "forthwith."

A waiver is the intentional relinquishment of a known right. The best brief on "waiver" that we know of is that found in Words & Phrases, 2d Series, vol. 4, p. 1222; the essence of which is that the intentional relinquishment of a known right may be done by such conduct as warrants the inference of relinquishment.

Our contention is that the term "forthwith" means within a reasonable time, under all of the facts and circumstances. Now, from the date that this order was passed to the 18th of November, 6th to the 18th, was twelve days, and certainly from twelve to fifteen days was not any more than a reasonable time in which to complete the making of a one hundred forty thousand dollars bond with all of the trouble that Galloway had on his hands at that time. "Forthwith," "immediately," and "at once" are all terms which mean practically the same thing, and the term "forthwith" is to be construed with reference to the circumstances of the case and the act to be performed. *Lewis* v. *Curry,* 156 Cal. 93.

The terms "forthwith," "immediately," etc., as used in contracts, are to be liberally construed, and they do not mean the absolute exclusion of any interval of time, but only that no unreasonable length of time shall intervene before performance. *Clausshear Co.* v. *Hardware Company,* 6 Ann. Cases, 243.

For a full discussion of the meaning of the word "forthwith," where the court holds that its meaning is to be construed as "a reasonable length of time," see *Parker* v. *Amazon,* 34 Am. Rep. 323; *Pacific Company* v. *Bronham,* 70 N. E. 174.

Counsel cite many cases about how a county may contract, etc.,—that it has to be verified by its minutes, etc., which is correct; but here everything that appellees contend for, to-wit: the waiver, is verified by the order of the board entered on its minutes on November 3, 1919 (R. 218)—no implied contract or anything like that involved.

Appellant also tries to repudiate the order of the board of November 3, 1919, granting this waiver, saying that the board had no authority to make such order. We do not think this contention can prevail, because the board was acting in the regular way in respect to a matter of its official duties, and the board clearly had the authority to make this order or any order within their official duty, if they saw fit, so long as it did not violate any law.

Appellant also makes the contention that a waiver, to be operative, must be founded on an agreement supported by a valuable consideration, and cite many cases to that effect. We do not read these decisions to so apply to the facts of this case, and we submit that the decision of the lower court was correct.

Irrespective of what may be the rule in other states, or what the cases hold which appellant cites as to the proposition of consideration for waiver, this court has lately set at rest appellant's contention in the case of *Sussman-Wormser* v. *Sea Food Company*, 90 So. 116.

So, here, the board chose to modify the original contract as to the ten days by extending the time for filing the bond and the consideration stated in the original contract is sufficient to support this extension of time. *Sussman-Wormser* v. *Sea Food Company* is on all fours with the instant case.

We respectfully submit that the decision of the lower court is correct and should be affirmed.

COOK, J., delivered the opinion of the court.

Galloway & Bonnabel, a co-partnership, instituted suit against Jackson county to recover one thousand dollars which had been declared forfeited to the county as liquidated damages for the failure of plaintiffs to comply with the terms of their bid and contract for the construction of a public road, and from a judgment for the amount sued for, this appeal was prosecuted.

On the 14th day of October, 1919, the board of supervisors of Jackson county, after due notice by advertisement, awarded to appellees a contract for the construction of a concrete road extending from the city of Pascagoula to the city of Moss Point, in said county, in accordance with plans and specifications therefor on file with the clerk of said board. Bidders were required to deposit with their bids for said contract the sum of one thousand dollars as evidence of good faith and as a guaranty that, if

awarded the contract, the bidder would execute the contract and give bond as required within ten days after notice of award of the contract, and, in the event of the failure of the successful bidder to furnish the bond as required, this deposit of one thousand dollars was to be forfeited to appellant as liquidated damages, the stipulation in the proposal under which this deposit was made being as follows:

"I inclose a certified check for one thousand (1,000) dollars and hereby agree that, in case of my failure to execute a contract and furnish bond within ten days after notice of award, the amount of this check will be forfeited to the county or district as liquidated damages arising out of my failure to execute a contract as proposed. It is understood that, in case I am not awarded the work, the check will be returned as provided in the specifications hereto attached."

Appellees were present when the board awarded them the contract on the 14th day of October, 1919, and they executed the contract on that date, but failed to furnish the required bond of one hundred forty thousand dollars within ten days thereafter. At the next regular meeting of the board of supervisors, and on November 3, 1919, the following order was adopted:

"Whereas, the board of supervisors of Jackson county, Miss., did on the 14th day of October, 1919, award a contract to Messrs. J. F. Galloway and H. J. Bonnabel for the construction of Mississippi state highway department (federal aid) project No. 77, as is fully shown by orders of file and record; and

"Whereas, the proposal of the said J. F. Galloway and H. J. Bonnabel provided that they would within ten days after notice of award furnish bond as required by the plans and specifications of said project No. 77, and, in event of failure to file such bond within such time, that check accompanying such proposal in the sum of one thousand dollars be forfeited and award be made next lowest bidder or work readvertised; and

"Whereas it appears that more than ten days has expired since the awarding of said contract; that the said contract has been approved by J. W. Bullen, district engineer, and the state highway engineer, and notice given that work may begin on said project at once, and no bond has yet been filed:

"It is therefore ordered by the board that the said J. F. Galloway and H. J. Bonnabel be, and they are hereby, directed to forthwith file their bond as such contractors in the manner provided by law; otherwise award will be cancelled, and guaranty accompanying proposal forfeited."

A copy of this order was mailed to appellees at Gulfport, Miss., and on the 18th day of November, 1919, they tendered to the clerk of the board of supervisors a bond. The clerk refused to accept this bond, and at the December, 1919, meeting, the board likewise declined to receive the bond, but entered an order reciting in detail the prior proceedings, the default of appellees, and declaring a forfeiture of the deposit of one thousand dollars, and also letting the contract to the next lowest bidder at a cost of about four thousand dollars in excess of the sum named in the contract with appellees.

Appellees' declaration admitted that the bond was not filed within the time required, but averred as an excuse for such failure that at the time the contract was awarded to them the plans and specifications for said roadwork had not been approved by the federal authorities, as required by the federal aid act of Congress. Appellant filed a motion to strike from the declaration all matter relating to the lack of approval of the plans and specifications by the federal authorities on the grounds, among others, that such matter was of no concern to appellees and could not affect their rights or remedies; that at the time said contract was awarded to, and accepted by, appellees, they knew that such approval had not been obtained; that such lack of approval was not the cause of the failure to file the bond; and that such allegation was at variance with the written stipulations and terms of appellee's proposal or

bid, and the contract for the road construction work. This
motion was sustained, and the cause was thereupon sub-
mitted to the court without the intervention of a jury,
and a judgment entered in favor of appellees for the re-
covery of the deposit.

The appellant assigns numerous grounds for a reversal,
but the respective contentions of the parties will more clear-
ly appear from a discussion of the points urged by appel-
lees in support of the judgment.

Appellees first contend that, in view of the fact that
work could not be begun on the road until the plans and
specifications had been approved by the federal authori-
ties, and since such approval had not been secured on Oc-
tober 24, 1919, when the time limit originally required for
filing the bond expired, they were relieved of the require-
ment to file the bond within that time; and at least, un-
der all the facts and circumstances, the deposit ought not
to be forfeited because of their failure to tender a bond un-
til November 18, 1919, because the county suffered no in-
jury, and the work could not have been begun in any event
until the governmental departments had approved the
plans and specifications.

This contention did not prevail in the court below, and
in this respect we think the ruling of the court below was
correct. It clearly appears from appellees' testimony that,
when the award was made and they assumed the obliga-
tion to furnish the bond within ten days thereafter, they
were fully informed of the fact that the plans and specifica-
tions had not been finally approved by the federal authori-
ties. It likewise very clearly appears from their testimony
that the lack of such approval had nothing to do with their
failure to file the bond within the required time limit, but
that their default was caused by their inability to secure
sufficient sureties within the fixed limit of time. The
obligation of appellees to furnish this bond within ten
days after notice of the award was unconditional. There
was no provision against any contingency, and, having as-
sumed this obligation with full knowledge of all the facts,

appellees were not relieved of the duty assumed by this contract by reason of the fact that the federal authorities had not then approved the plans and specifications of the work.

The contention upon which appellees principally rely, however, is that the order of the board of supervisors of November 3, 1919, was a waiver of the limit of ten days originally required for filing the bond, and that the re-'quirement in this order that the bond be filed forthwith meant within a reasonable time from that date, and that under all the facts and circumstances of this case the tender of the bond to the clerk of the board on November 18, 1919, and to the board at the regular December meeting, was within a reasonable time from the entering of said order and within the meaning of the term "forthwith."

The authorities generally hold that a contractual requirement that an act shall be performed forthwith is to be construed in reference to the nature of the act to be performed, and that it usually means within a reasonable length of time under all the facts and circumstances of the case, and, conceding for the sake of the argument that the order entered by the board of supervisors on November 3, 1919, was a waiver of the time limit originally fixed, or an extension of the time for filing the bond, the question then presented is whether the tender of November 18, 1919, was within a reasonable time under the facts and circumstances of this case. It will be noted that the board of supervisors and appellees originally contracted and agreed that ten days was a satisfactory and reasonable time within which to undertake and complete the furnishing of the bond. Prospective bidders were fully informed of all the requirements that would be exacted of the party securing the contract, among which was that of furnishing a bond in an amount equal to such bid within ten days after notice of the award of the contract. Appellees undertook and agreed to furnish the required bond within this time limit, and at the time the order of November 3d was entered eighteen full days had already elapsed, and, since both par-

ties originally agreed that ten days was a reasonable time, we do not think more than ten days' additional time can be said to be reasonable under these circumstances.

Appellees' failure to furnish the bond within the original time limit, or within ten days after the order of November 3, 1919, was not due to any fault of appellant. As a result of this default appellant relet the contract at a loss of more than four thousand dollars, and we think it was within its rights in declaring a forfeiture of the sum deposited as liquidated damages.

It follows from the views herein expressed that the judgment of the court below will be reversed, and judgment entered here for appellant. Reversed, and judgment here for appellant.

*Reversed.*